UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Gustavo A. Franco and other
similarly situated individuals,

    Plaintiff(s),

v.

Alfa Vitamins Laboratories Inc.,
Isaura Valdes, and
Alejandro Valdes, individually,

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Gustavo A. Franco and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Alfa Vitamins Laboratories Inc., Isaura Valdes, and Alejandro Valdes, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Gustavo A. Franco is a resident of Miami, Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Alfa Vitamins Laboratories Inc. (from now on Alfa Vitamins, or Defendant) is a Florida corporation having a place of business in Dade County within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants Isaura Valdes and Alejandro Valdes were and are now, the owners/partners/managers of Defendant Corporation Alfa Vitamins. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being adequately compensated.

7. Defendant Alfa Vitamins is a laboratory manufacturing nutrition supplements, vitamins, beverages, and skin care products. Defendant has facilities located at 4701b NW 77 AVE, Miami, Florida 33166, where Plaintiff worked.

8. Defendants Alfa Vitamins, Isaura Valdes, and Alejandro Valdes employed Plaintiff Gustavo A. Franco as a non-exempted, full-time employee from November 01, 2018, to May 27, 2022, or 156 weeks.

9. During the relevant period, Plaintiff performed as a lead laboratory worker. Plaintiff had duties as a production employee, warehousing employee loading and unloading cargo, pulling and preparing orders, cleaning the warehouse, offices, bathrooms, taking out the garbage, and performing all kinds of manual and repetitive tasks related to the operation of the laboratory. Plaintiff had a weekly salary of $865.38.

10. Plaintiff had a regular schedule. He worked five days per week. From Monday to Friday, Plaintiff worked from 4:30 AM to 5:00 PM (12.5 hours daily), or 60 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

11. Twice per month, Plaintiff worked on Saturdays from 7:00 AM to 1:00 PM (6 hours).

12. Thus, during his employment with Defendants, Plaintiff worked 78 weeks of 5 days with 60 working hours and 78 weeks of 6 days with 66 working hours.

13. Regardless of the number of hours worked by Plaintiff, Defendants always paid him the same amount.

14. Plaintiff worked always more than 40 hours weekly, but he was not paid for overtime hours, as required by law.

15. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid bi-weekly with paystubs that did not show the number of days and hours. Plaintiff never agreed with the number of hours paid.

18. Defendants fired Plaintiff on or about May 27, 2022, at the moment of his termination, Defendants did not pay Plaintiff one week of work, which was retained by Defendants as a security deposit at the beginning of his employment

19. Plaintiff Gustavo A. Franco seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, one week of regular wages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

22. This action is intended to include every laboratory employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

23. Plaintiff Gustavo A. Franco re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. Defendant Alfa Vitamins was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a manufacturer of nutritional supplements, vitamins, and skin care products. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from

non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a production and warehousing employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce during the business. Therefore, there is individual coverage.

26. Defendants Alfa Vitamins, Isaura Valdes, and Alejandro Valdes employed Plaintiff Gustavo A. Franco as a non-exempted, full-time employee from November 01, 2018, to May 27, 2022, or 156 weeks.

27. During the relevant period, Plaintiff performed as a lead laboratory worker. Plaintiff had duties as a production employee, and warehousing employee.  . Plaintiff had a weekly salary of $865.38.

28. Plaintiff had a regular schedule. He worked five days per week. From Monday to Friday, Plaintiff worked from 4:30 AM to 5:00 PM (12.5 hours daily),or  60 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

29. Twice per month, Plaintiff worked on Saturdays from 7:00 AM to 1:00 PM (6 hours).

30. Thus, during his employment with Defendants, Plaintiff worked 78 weeks of 5 days with 60 working hours and 78 weeks of 6 days with 66 working hours.

31. Regardless of the number of hours worked by Plaintiff, Defendants always paid him the same amount.

32. Plaintiff worked always more than 40 hours weekly, but he was not paid for overtime hours, as required by law.

33. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

34. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid bi-weekly with paystubs that did not show the number of days and hours. Plaintiff never agreed with the number of hours paid.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

  Twenty-Four Thousand Five Hundred Fifty-One Dollars and 28/100 ($24,551.28)

b. <u>Calculation of such wages</u>:

Total period of employment: more than 186 weeks
Relevant weeks of employment: 156 weeks
Paid: $865.38 weekly

**1.- Unpaid Overtime for 78 weeks with 5 days with 60 working hours**

Relevant weeks: 78 weeks
Total hours worked: 60 hours
Total O/T hours: 20 O/T hours
Salary: $865.38: 60 hour=$14.42
Regular rate: $14.42 x 1.5=$21.63 O/T rate
O/T rate $21.63-$14.42 O/T rate paid=$7.21 half-time difference
Unpaid half-time: $7.21 for every O/T hour

$7.21 x 20 O/T hours=$144.20 weekly x 78 weeks=$11,247.60

**2.- Unpaid Overtime for 78 weeks with 6 days with 66 working hours**

Relevant weeks: 78 weeks
Total hours worked: 66 hours
Total O/T hours: 26 O/T hours
Salary: $865.38: 66 hour=$13.11
Regular rate: $13.11 x 1.5=$19.67 O/T rate
O/T rate $19.67-$13.11 O/T rate paid=$6.56 half-time difference
Unpaid half-time: $6.56 for every O/T hour

$6.56 x 26 O/T hours=$170.56 weekly x 78 weeks=$13,303.68

Total #1, and #2: $24,551.28

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

  This amount represents unpaid half-time overtime wages.

40. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly

pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. At the times mentioned, individual Defendants Isaura Valdes and Alejandro Valdes were the owners/directors/managers of Alfa Vitamins.  Defendants Isaura Valdes and Alejandro Valdes were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].  These individual Defendants acted directly in the interests of Alfa Vitamins in relation to its employees, including Plaintiff and others similarly situated. Defendants Isaura Valdes and Alejandro Valdes had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

43. Defendants Alfa Vitamins, Isaura Valdes, and Alejandro Valdes willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Gustavo A. Franco and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Gustavo A. Franco and other similarly situated individuals and against the Defendants Alfa Vitamins, Isaura Valdes, and Alejandro Valdes based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Gustavo A. Franco actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Gustavo A. Franco demands a trial by a jury of all issues triable as of right by a jury.

<b>COUNT II:<br>
F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE</b>

45. Plaintiff re-adopts every factual allegation stated in paragraphs 1-21 of this Complaint as if set out in full herein.

46. Defendant Alfa Vitamins was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a manufacturer of nutritional supplements, vitamins, and skin care products. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by

ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

47. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a production and warehousing employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce during the business. Therefore, there is individual coverage.

48. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

49. Defendants Alfa Vitamins, Isaura Valdes, and Alejandro Valdes employed Plaintiff Gustavo A. Franco as a non-exempted, full-time employee from November 01, 2018, to May 27, 2022, or 156 weeks.

50. During the relevant period, Plaintiff performed as a lead laboratory worker. Plaintiff had duties as a production employee and warehousing employee. Plaintiff was paid a weekly salary of $865.38.

51. Plaintiff had a regular schedule and he worked five days per week. From Monday to Friday, Plaintiff worked from 4:30 AM to 5:00 PM (12.5 hours daily), or 60 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

52. Twice per month, Plaintiff worked on Saturdays from 7:00 AM to 1:00 PM (6 hours).

53. Thus, during his employment with Defendants, Plaintiff worked 78 weeks of 5 days with 60 working hours and 78 weeks of 6 days with 66 working hours.

54. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

55. Defendants fired Plaintiff on or about May 27, 2022, at the moment of his termination, Defendants did not pay Plaintiff one week of work, which was retained by Defendants as a security deposit at the beginning of his employment

56. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

57. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

58. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

59. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in possession and custody

of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

60. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

61. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on preliminary calculations, and these figures could be subject to modifications as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. Total amount of alleged unpaid wages:

Four Hundred and 00/100 ($400.00)

b. Calculation of such wages:

Total period of employment: 186 weeks
Total relevant weeks: 156 weeks
Total number of unpaid weeks: 1 week
Total hours worked: 40 regular hours weekly
Rate paid: $13.11 an hour
Florida minimum wage 2022: $10.00

Min. wage $10.00 x 40 hours= $400.00 weekly

c. Nature of wages:

This amount represents unpaid minimum wages at the Florida minimum wage rate.

62. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wages violations accumulated during his relevant time of employment.

63. Defendants knew and showed reckless disregard about the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

64. Defendants Alfa Vitamins, Isaura Valdes, and Alejandro Valdes willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

65. At the times mentioned, individual Defendants Isaura Valdes and Alejandro Valdes were the owners/directors/managers of Alfa Vitamins. Defendants Isaura Valdes and Alejandro Valdes were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of Alfa Vitamins in relation to its employees, including Plaintiff and others similarly situated. Defendants Isaura Valdes and Alejandro Valdes had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

66. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

Prayer For Relief

Wherefore, Plaintiff Gustavo A. Franco respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Gustavo A. Franco and against the Defendants Alfa Vitamins, Isaura Valdes, and Alejandro Valdes Alfa based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Gustavo A. Franco and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: July 12, 2022

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*